IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re MALLINCKRODT PLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. Case No. 20-12522-JTD |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HEALTHCOR OFFSHORE MASTER FUND, L.P., | : | |
| *et al.*, | : | Adv. No. 20-50850-JTD |
| Plaintiffs, | : | |
| v. | : | Misc. No. 21-374-LPS |
| | : | |
| MALLINCKRODT PLC, | : | |
| | : | |
| Defendant. | : | |

---

## MEMORANDUM ORDER

Having reviewed the motion filed by Securities Opt-Out Plaintiffs ("Appellants")[1] for

leave to appeal on an expedited basis (D.I. 1) ("Motion") the Bankruptcy Court's Order Granting

the Debtors' Motion to Extend Injunctive Relief Pursuant to 11 U.S.C. § 105 (Adv. D.I. 253)[2]

("Extension Order") entered on August 30, 2021; and having reviewed the opposition (D.I. 2)

filed by Mallinckrodt plc and certain affiliates ("Debtors"), along with the parties' supplemental

letters (D.I. 3, 4), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

      1.      Appellants have not met their burden to show that leave to appeal the

interlocutory Extension Order is warranted under 28 U.S.C. § 1292(b).[3]  Under that standard, an

---

[1] Appellants are plaintiffs in an action against Debtors and certain of their directors and officers ("D&O Defendants"), *Healthcor Offshore Master Fund, L.P. v. Mallinckrodt plc, et al.*, No. 1:20-cv-02834 (D.D.C.) ("Healthcor Action").  The Healthcor Action complaint asserts that, between 2015 and 2017, defendants Mallinckrodt plc ("plc"), Mark Trudeau (the Debtors' Chief Executive Officer), and Matthew Harbaugh (Debtors' former Chief Financial Officer) made false and misleading statements relating to Acthar, allegedly artificially inflating plc's stock price.

[2] The docket of the adversary proceeding, captioned *Mallinckrodt plc v. State of Connecticut, et al.*, Adv. No. 20-50850-JTD (Bankr. D. Del.), is cited herein as "Adv. D.I. __."

[3] Section 158(a) does not identify the standard district courts should use in deciding whether to grant an interlocutory appeal.  "Typically, however, district courts follow the standards set forth

interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation.  *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

2.      In their effort to justify an interlocutory appeal, Appellants identify a single allegedly controlling question of law: "whether the Bankruptcy Court was legally required to determine whether there were 'unusual circumstances' or an 'identity of interest' to extend the automatic stay to the nondebtor defendants in [Healthcor]." (D.I. 1 at 9)  But the legal holding that Appellants now attempt to challenge was first decided in November 2020 in connection with the initial injunctive order dated December 4, 2020.  (Adv. D.I. 170) ("Injunction")  Seeking a stay of litigation against the D&O Defendants, Debtors asserted that a disjunctive test applied under governing law, which looked either to unusual circumstances created through an identity of interest or to the existence of adverse impacts that would threaten the Debtors' reorganization. (*See* Adv. D.I. 23 at 12-13)  Appellants did not object to the Debtors' motion for injunctive relief or any position taken therein.  The Bankruptcy Court agreed with the Debtors, holding: "Courts have extended the stay in two circumstances: One, where the debtor shows unusual circumstances, such that there is an identity of interest between the third-party defendant and the debtor; and two, where extending the stay is essential to the debtors' reorganization efforts." (D.I. 2 Ex A (Nov. 23, 2020 Hr'g Tr.) at 48-50 (citing *McCartney v. Integra National Bank North*, 106 F.3d 506, 510 (3d Cir. 1997))  Applying this test, the Bankruptcy Court entered the

---

under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011); *see also In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

Injunction based on its determinations that: (1) Debtors were not required to demonstrate unusual circumstances through an identity of interests to justify an injunction when they can instead demonstrate adverse impacts on the Debtors' ability to reorganize (*id.* at 48-50); and (2) having nonetheless applied the unusual circumstances inquiry, "the existence of contractual indemnification claims is sufficient to meet the unusual circumstances test" (*id*. at 50).[4]

        3.      Here, in considering whether to extend the Injunction for an additional 90 days, and in keeping with its prior ruling, the Bankruptcy Court relied upon cases establishing that "adverse impacts" on the estate are sufficient on their own to justify a third-party injunction. (*See* Aug. 26, 2021 Hr'g Tr. at 26 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986) ("Pursuant to [Section 105] the Court may issue or extend stays to enjoin a variety of proceedings [including discovery against the debtor or its officers and employees] which will have an ***adverse impact*** on the Debtor's ability to formulate a Chapter 11 plan")) (emphasis added); *id*. at 27 (quoting *In re W.R. Grace & Co.*, 115 F. App'x 565, 570 (3d Cir. 2004) ("The standard for the grant of a stay is generally whether the litigation could ***interfere with the reorganization of the debtor***, or would interfere with, deplete or ***adversely affect property of [the] estate*** or which would frustrate the statutory scheme of chapter 11 or diminish [the debtor's] ability to formulate a plan of reorganization")) (internal quotations omitted; emphasis added). Applying these standards, the Bankruptcy Court determined that allowing any of the subject actions against the non-debtors to proceed at this time "would certainly have an impact, and adverse impact on the debtors' reorganization especially at this critical time." (*Id*. at 26) As

---

[4] Appellants did not to participate in the initial injunction proceedings, did not contest any of these conclusions, and were not entitled to appeal them. Although another plaintiff group did seek leave to appeal, this Court concluded the Injunction was not a final order and interlocutory appeal was not warranted. *See* Mem. Order, *Mallinckrodt plc v. Connecticut*, Misc. No. 20-408-LPS (D. Del. Feb. 12, 2021).

to Appellants specifically, the Bankruptcy Court stated if "the [Healthcor Action] [were] allowed to proceed against the Debtors' current and former officers, [the Debtors] would certainly face the need to protect their interests" against the risks of "collateral estoppel and record taint." (*Id.* at 26)  The Court further found that "the continuing stay will prevent distraction and potential diminution in estate assets including available insurance by having to appear and defend [officers and employees] plus adversely affecting the debtors' reorganization efforts." (*Id.* at 28)  Based on these findings, the Bankruptcy Court entered the Extension Order.

       4.     In seeking leave to appeal the Extension Order, Appellants now challenge the Bankruptcy Court's holding—first decided in November 2020—that "adverse impacts" on the estate are sufficient on their own to justify a third-party injunction.   The Court disagrees that the appeal presents an issue of controlling law.   The alleged error would not be reversible because, "a reviewing court may affirm the lower court's decision on any basis," and "an appellee may, without taking a cross-appeal, support the judgment as entered through any matter appearing in the record." *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048 (3d Cir. 1993).  Here, the record reflects that the Bankruptcy Court has already performed the requested "unusual circumstances" analysis.  For instance, in the November 2020 Bench Ruling, the Bankruptcy Court held as a matter of law that "the existence of contractual indemnification claims is sufficient to meet the unusual circumstances test."  (Nov. 23, 2020 Hr'g Tr. at 50)[5]  Later, in the November 2020 Bench Ruling, the Bankruptcy Court held that proceedings "creating significant risk of collateral estoppel and record taint to the point where the debtors would need to participate in those actions to protect their interests" also satisfy the unusual circumstances test.

---

[5]  While Appellants now argue, for the first time, that such indemnification is insufficient because Trudeau and Harbaugh are "independently liable" and the indemnification may not be "absolute" (D.I. 1 at 12), this argument is unavailing for the reasons set forth in the Debtors' opposition (*see* D.I. 2 at 19 n.6).

(Nov. 23, 2020 Hr'g Tr. at 50)

5.      Even assuming an issue of controlling law existed, there is no substantial ground

for difference of opinion on this point: the Third Circuit's holding in *McCartney* clearly states a

disjunctive test; that is, a third-party injunction may be justified by either (a) "unusual

circumstances" creating an identity of interest, or (b) a need to protect the reorganization.  106

F.3d at 510.  The August 2021 Bench Ruling cites additional authority supporting *McCartney* in

holding that an "unusual circumstances" analysis is not required where, instead, adverse impacts

on the reorganization are shown.[6]  The cases cited by Appellants (*see* D.I. 1 at 10-11) do not

support the proposition that the unusual circumstances test must be met.  (*See* D.I. 2 at 17-18).

6.      The Court further agrees with Debtors that the Motion has other deficiencies,

including waiver of the issue on appeal [7] and failure to identify exceptional circumstances.[8]

November 10, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[6] *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986); *In re W.R. Grace & Co.*,
115 F. App'x 565 (3d Cir. 2004).

[7] While they challenge the ruling that adverse impacts on the estate are sufficient to justify a
third-party injunction, Appellants also relied upon it.  Appellants quoted the Bankruptcy Court's
November 2020 holding verbatim as the governing legal standard in objecting to the Extension
Order.  (Adv. D.I. 239 at 6)  Having not raised the issue below at any time—having in fact relied
upon the holding they now challenge—Appellants cannot seek to raise the issue for the first time
on appeal.  *See Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 219 (3d Cir. 1999) (stating
"well-established rule that absent compelling circumstances an appellate court will not consider
issues that are raised for the first time on appeal").

[8] "[C]ertification of an interlocutory appeal is granted sparingly and only in exceptional
circumstances."  *Kaiser Grp. Int'l, Inc. v. Ostrava (In re Kaiser Grp. Int'l, Inc.)*, 400 B.R. 140,
145 (D. Del. 2009).